SEYFARTH SHAW LLP
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
Catherine S. Feldman (SBN 299060)
cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
MICHAEL KORS (USA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ALBARRACIN, an individual,<br><br>           Plaintiff,<br><br>     v.<br><br>ADECCO USA, INC., a Delaware corporation; MICHAEL KORS (USA), INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>           Defendant. | Case No. 2:22-cv-9267<br><br>**DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**<br><br>(Los Angeles Superior Court Case No. 22STCV35745)<br><br>Complaint Filed:    November 10, 2022 |

# **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...................................................................................................1
II. TIMELINESS OF REMOVAL ............................................................................2
III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ..........................2
    A. Plaintiff is a Citizen of California ...............................................................3
    B. Defendant is Not Citizen of California ........................................................4
    C. Co-Defendant Adecco is Not Citizen of California ....................................5
    D. Doe Defendants May Be Disregarded.........................................................5
    E. Amount In Controversy ...............................................................................5
IV. VENUE................................................................................................................12
V. NOTICE OF REMOVAL....................................................................................12
VI. PRAYER FOR REMOVAL................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ackerman v. Western Elec. Co., Inc.*,
  643 F. Supp. 836 (N.D. Cal. 1986) ................................................................... 9

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
  465 F.2d 489 (9th Cir. 1972) ........................................................................... 6

*Cassino v. Reichhold Chemicals, Inc.*,
  817 F.2d 1338 (9th Cir. 1997) ......................................................................... 8

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ..................................................................... 8, 10

*Crum v. Circus Circuit Enters.*,
  231 F.3d 1129 (9th Cir. 2000) ......................................................................... 9

*Davenport v. Mutual Benefit Health and Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ......................................................................... 11

*Fristoe v. Reynolds Metals, Co.*,
  615 F. 2d 1209 (9th Cir. 1980) ........................................................................ 5

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) ......................................................................... 10

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) ................................................................. 6, 10

*Glenn-Davis v. City of Oakland*,
  No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .................................. 9

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ....................................................................................... 4, 5

*James v. Childtime Childcare, Inc.*,
  No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
  2007) .................................................................................................................. 9

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ........................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ......................................................................... 3

*Landau v. County of Riverside*,
  2010 WL 1648442 (C.D. Cal.) ......................................................................... 7

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ........................................................................... 3


*Malone v. Potter*,
    2010 WL 330252 (C.D. Cal.) ........................................................................... 7

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) .......................................................................... 6

*Secru v. Laboratory Corp. of America*,
    No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
    2009) ............................................................................................................... 8

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ...................................................................................... 11

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .......................................................................... 3

*Traxler v. Multnomah County*,
    569 F.3d 1007 (9th Cir. 2010) ........................................................................ 9

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ........................................................................ 6

*Vaughn v. CNA Casualty of California*,
    2008 WL 4056256 (C.D. Cal.) ....................................................................... 9

*Zavala v. Deutsche Bank Trust Co. Americas*,
    No. C 13-1040 LB, 2013 WL 3474760 (N.D. Cal. July 10, 2013) ............... 3

**State Cases**

*Horsford v. Board of Trs. of Cal. State Univ.*,
    132 Cal. App. 4th 359 (2005) ....................................................................... 10

*Lane v. Hughes Aircraft Co.*,
    22 Cal. 4th 405 (2000) .................................................................................. 11

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) .................................................................................. 11

**Federal Statutes**

28 U.S.C. § 84(c) ................................................................................................ 12

28 U.S.C. § 1332 ................................................................................................... 5

28 U.S.C. § 1332(a) ........................................................................................ 5, 8

28 U.S.C. § 1332(a)(1) .................................................................................. 2, 12

28 U.S.C. § 1332(c)(1) .................................................................................... 4, 5

28 U.S.C. § 1332(d) ............................................................................................. 5

28 U.S.C. § 1441(a) .................................................................................. 2, 5, 12

| | |
|---|---|
| 1 | 28 U.S.C. § 1446(a) .................................................................................................. 12 |
| 2 | 28 U.S.C. § 1446(b) .................................................................................................... 2 |
| 3 | 28 U.S.C. § 1446(d) .................................................................................................. 12 |
| 4 | **State Statutes** |
| 5 | California Family Rights Act ...................................................................................... 7 |
| 6 | California Government Code § 12965(b) ................................................................. 10 |
| 7 | Fair Employment and Housing Act .......................................................................... 10 |
| 8 | **Other Authorities** |
| 9 | *Aboulafia v. GACN Inc.*, |
| 10 | 2013 WL 8115991 (Los Angeles Sup. Ct.) ....................................................... 9 |
| 11 | *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) ........................................................ 7, 9 |
| 12 | *Bisharat v. Los Angeles Unified School District*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ....................................................... 6 |
| 13 | |
| 14 | *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) ....................................... 10 |
| 15 | *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) ............................................ 10 |
| 16 | |
| 17 | *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct.) .................................................. 7 |
| 18 | *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) ....................................................... 7 |
| 19 | |
| 20 | *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) ..................................................... 10 |
| 21 | *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles Sup. Ct.) ....................................................... 6 |
| 22 | |
| 23 | *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ....................................................... 7 |
| 24 | *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct.) ....................................................... 7 |
| 25 | |
| 26 | *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) ....................................................... 7 |
| 27 | *Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct.) ....................................................... 6 |
| 28 | |

89731518v.1

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) ................................................................. 9

*Sun v. Transit Air Cargo, Inc.*,
    2012 WL 933613 (Orange County Sup. Ct.) ............................................................... 7

*Vanderheiden v. City of Alameda*,
    2011 WL 1562075 (Alameda County Sup. Ct.) .......................................................... 7

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) ................................................................. 9

*Ybarra v. Dacor Holding Inc.*,
    2010 WL 2404221 (L.A. County Sup. Ct.) ................................................................. 7

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Michael Kors (USA), Inc. ("Defendant") hereby removes the above-referenced action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction. This removal is proper for the following reasons:

**I.    BACKGROUND**

1. On November 10, 2022, Plaintiff Sandra Albarracin ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*SANDRA ALBARRACIN, an individual, Plaintiff, v. ADECCO USA, INC., a Delaware corporation; MICHAEL KORS (USA), INC., a Delaware corporation; and DOES 1 through 100, inclusive, Defendant*," designated as Case No. 22STCV35745 (the "State Court Action").

2. In the State Court Action, Plaintiff asserts seven causes of action for: (1) Pregnancy/Disability Discrimination in Violation of the FEHA; 2) Pregnancy/Disability Harassment in Violation of the FEHA; 3) Pregnancy/Disability Retaliation in Violation of the FEHA; 4) Failure to Accommodate Pregnancy/Disability in Violation of FEHA; 5) Failure to Engage in the Interactive Process in Violation of FEHA; 6) Failure to Prevent in violation of the FEHA; 7) Wrongful Termination in Violation of Public Policy; and 8) Intentional Infliction of Emotional Distress (the "Complaint").

3. On November 23, 2022, Defendant received, via personal service through its process server the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, First Amended General Order, and ADR Packet. A true and correct copy of the service packet received by Defendant is

1  attached as **Exhibit A** to the concurrently Declaration of Catherine S. Feldman
2  ("Feldman Dec.").

3      4.    On December 19, 2022, Defendant filed its Answer to Plaintiff's unverified
4  complaint in the Los Angeles County Superior Court in the State Court Action.  A true
5  and correct copy of the Answer is attached as **Exhibit B** to the concurrently filed
6  Feldman Dec.

7      5.    On December 16, 2022, co-Defendant Adecco Staffing USA, Inc.
8  ("Adecco") filed its Answer to Plaintiff's unverified complaint in the Los Angeles
9  County Superior Court in the State Court Action.  A true and correct copy of the Answer
10 is attached as **Exhibit C** to the concurrently filed Feldman Dec.

11     6.    Defendant has not filed or received any other pleadings or papers, other than
12 the pleadings and papers described as **Exhibit A**, **Exhibit B, Exhibit C** in this action
13 prior to this Notice of Removal.

14     7.    In the State Court Action, the Court set a Case Management Conference for
15 April 10, 2023.  No other hearings or conferences have been requested by the parties or
16 set by the Court.

17     8.    As discussed in greater detail below, jurisdiction based on diversity of
18 citizenship is proper because Defendant and co-Defendant Adecco are not a citizens of
19 California and the amount in controversy exceeds $75,000.[1]

20 **II.**    **TIMELINESS OF REMOVAL**

21     9.    This Notice of Removal is timely because it is being filed within thirty (30)
22 days of Defendant's receipt of the Summons and Complaint on November 23, 2022, and
23 within one (1) year of the commencement of this action.  28 U.S.C. § 1446(b).

24 **III.**    **JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

25     10.    The Court has original jurisdiction of this action under 28 U.S.C. section
26 1332(a)(1).  Defendant may remove this action from state to federal court pursuant to 28

27
28
---
[1] Adecco consents to this Removal.

U.S.C. section 1441(a), as it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Plaintiff is a Citizen of California

11. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

12. Plaintiff alleges in the Complaint that "[a]t all times mentioned herein, [she] was an individual and a resident of the State of California." (Feldman Dec., Exhibit A, Complaint ¶ 1.) Further evidence that Plaintiff resides in California can be found in the fact that, during her employment with co-Defendant Adecco, she listed her home address in Downey, California as her residence for the purpose of her personnel file, payroll checks, and tax withholdings. (Declaration of Katherine Wong ("Wong Dec."), ¶ 5.)

13. A public records search provided further evidence that Plaintiff resides in Downey, California and has lived in Downey, California since at least 2019. (Wong Dec., ¶ 4.)

14. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

///

///

### B. Defendant is Not Citizen of California

15. Defendant was, and is at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. Defendant now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Norma Placencio ("Placencio Dec."), ¶ 5.) Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

17. Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of New York. (Placencio Dec., ¶ 4.) Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of New York.

18. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

19. Under the "nerve center" test, New York emerges as Defendant's principal place of business.

20. Defendant's high level officers direct, control, and coordinate its activities from its corporate headquarters in New York, New York. (Placencio Dec., ¶ 4.) Defendant's high level corporate officers including its Chief Executive Officer, Chief Operating Officer and General Counsel maintain offices in the New York, N.Y.

headquarters. (*Id.*) Defendant also maintains an office at One Meadowlands Plaza, East Rutherford, N.J. (*Id.*) Defendant's executive and administrative functions, including payroll, human resources, corporate finance and accounting, are directed from either the New York, N.Y. corporate headquarters or the East Rutherford, N.J. corporate office. (*Id.*)

21. Therefore, for purposes of diversity of citizenship, Defendant is and has been at all times since this action commenced, a citizen of the State of Delaware and the State of New York. 28 U.S.C. § 1332(c)(1).

### C. Co-Defendant Adecco is Not Citizen of California

22. Co-Defendant Adecco is incorporated in the State of Delaware and maintains its principal place of business and company headquarters in Florida. (Declaration of Erin Whitmore ("Whitmore Dec."), ¶ 4.) None of Adecco's executive functions are headquartered in the State of California. Adecco is therefore a citizen of Delaware and Florida for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Thus, Adecco is not a citizen of California.

23. Because Plaintiff is not a citizen of any state of which either Defendant is a citizen, there is complete diversity of citizenship pursuant to 28 U.S.C. section 1332(a) and diversity as required by 28 U.S.C. section 1332(d).

### D. Doe Defendants May Be Disregarded

24. Pursuant to 28 U.S.C. Section 1441(a), "the citizenship of Defendant sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed Defendant are not required to join in a removal petition). Thus, the existence of Doe Defendants, 1-25, does not deprive this Court of jurisdiction.

### E. Amount In Controversy

25. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount

1  exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*,
2  102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence
3  establishing that it is 'more likely than not' that the amount in controversy exceeds [the
4  threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the
5  amount-in-controversy inquiry in the removal context is not confined to the face of the
6  complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that
7  the Court may consider facts presented in the removal petition).  In determining the
8  amount in controversy, the Court must consider the aggregate of general damages, special
9  damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d
10 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in
11 amount in controversy, regardless of whether such an award is discretionary or
12 mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d
13 489, 491 (9th Cir. 1972).

14      26.    Plaintiff's Complaint alleges claims of pregnancy/disability discrimination,
15 harassment, and retaliation, failure to accommodate, failure to engage in the interactive
16 process, wrongful termination, and intentional infliction of emotional distress.  Plaintiff
17 prays in part for compensatory, emotional distress, and punitive damages, and attorneys'
18 fees.

19      27.    Should Plaintiff prevail at trial, it is more likely than not that she would
20 recover more than $75,000 in damages as there have been, in recent years, several
21 verdicts in disability discrimination cases entered in favor of plaintiffs in California
22 where the awarded damages exceeded $75,000.  *See Salinda v. DIRECTV Inc.*, 2013 WL
23 5944203 (Los Angeles Sup. Ct.) ($1,178,341 awarded to employee for disability
24 discrimination, failure to prevent discrimination/retaliation); *Bisharat v. Los Angeles*
25 *Unified School District,* 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict
26 awarded to employee alleging disability discrimination, failure to prevent discrimination,
27 and constructive discharge); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL
28 6624243 (Los Angeles Sup. Ct.) ($125,000 awarded to employee alleging disability

discrimination, and wrongful termination); *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct.) ($486,511 awarded to employee alleging disability discrimination, and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability and age discrimination, retaliation, failure to prevent discrimination/harassment, and constructive discharge); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,522,070 to employee who was terminated after taking medical leaves in disability discrimination action); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $175,000 to employee in disability discrimination and violation of California Family Rights Act action); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in disability discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in disability discrimination action); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal.) (award of $1,033,500 to employee who brought action against employer based disability discrimination); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action).

28. Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the issues in these cases. Defendant has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

7
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
89731518v.1

1    29.    Here, considered together, the general and special damages sought by
2 Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if
3 Plaintiff prevails, establish by a preponderance of the evidence that the amount in
4 controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C.
5 section 1332(a).

6    30.    **Lost Wages.**  In Plaintiff's Complaint she alleges that she has suffered
7 damages, including "substantial losses of earnings and other employment benefits."
8 (Feldman Dec., Exhibit A, Complaint ¶¶ 29, 35, 42, and 65.)

9    31.    Plaintiff alleges that her employment was terminated on or about February
10 16, 2021. (Feldman Dec., Exhibit A, Complaint ¶¶ 29, 35, 42, and 65.)  At that time,
11 Plaintiff earned $15 per hour as an Adecco employee placed at Michael Kors' warehouse
12 (in addition to the value of benefits).  (Whitmore Dec., ¶ 5.)  From the date of the
13 conclusion of Plaintiff's employment to the date of this removal filing, approximately 96
14 weeks have elapsed.  Accordingly, thus far, Plaintiff's claim for lost wages is
15 approximately $57,600 ($15/hour x 40 hours/week x 96 weeks).

16    32.    Assuming this matter goes to trial one year after its November 10, 2022
17 filing and Plaintiff remains unemployed, Plaintiff's alleged lost income would total
18 $85,800.[2]  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018)
19 (alleged lost future wages should be considered when determining the amount in
20 controversy because alleged lost future wages are "at stake" in the litigation).  This
21 amount does not account for the other special damages Plaintiff seeks, such as losses in
22 employment benefits, which will further increase the claim for compensatory damages.

23    33.    In addition to back pay and benefits, a plaintiff who prevails on a claim for
24 wrongful termination or discriminatory discharge of employment may be entitled to
25 either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino*
26 *v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court
27 has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of*

---

[2] $15/hour x 40 hours/week x 143 weeks.

8

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

89731518v.1

*America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy). An award of three years of front pay would entitle Plaintiff to more than $132,413 in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages total **$179,400**, contributing to the amount in controversy requirement.

34. **Emotional Distress Damages.** Plaintiff also claims damages for emotional distress. (Feldman Dec., Exhibit A, Complaint ¶¶ 25, 30, 36, 43, 66, 78.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss

to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action). Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the alleged issues in these cases. Defendant has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

35. **Attorneys' Fees And Costs.** Plaintiff also claims that she is entitled to attorneys' fees and costs. (*See* Feldman Dec., Exhibit A, Complaint, ¶¶ 32, 38, 45, 52, 59, 68, prayer for relief ¶ 6.) Future attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (in light of *Chavez*, 888 F.3d 413, a court must include future attorneys' fees recoverable by statute or contract when determining whether the amount in controversy has been met). *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

36. Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

37. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate).

Defendant have attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

38. Defendant anticipates depositions being taken in this case and that ultimately Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Feldman Dec., ¶ 6).

39. **Punitive Damages.** Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); (*see* Feldman Dec., Exhibit A, Complaint ¶¶ 31, 37, 44, 51, 58, 67, 73, 79, and prayer for relief, ¶ 3.)

40. Defendant is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

41. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

42. For each of the foregoing reasons and based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 20 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## IV. VENUE

43. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the United States District Court for California, and Plaintiff alleges that she was employed by co-Defendant Adecco in Whittier, California, which is located in the County of Los Angeles. (*See* Feldman Dec., Exhibit A, Complaint ¶ 4.) Thus, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, removal to this Court is proper.

## V. NOTICE OF REMOVAL

44. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

45. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

46. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, discovery, and order filed and/or served in this action are attached as **Exhibit A**, **Exhibit B,** and **Exhibit C** to the concurrently filed Declaration of Catherine Feldman.

## VI. PRAYER FOR REMOVAL

47. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: December 21, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Catherine S. Feldman*
Elizabeth M. Levy
Catherine Feldman
Attorneys for Defendant
MICHAEL KORS (USA), Inc.